1   SEYFARTH SHAW LLP
    Daniel C. Whang (SBN 223451)
2   dwhang@seyfarth.com
    Laura E. Heyne (SBN 279478)
3   lheyne@seyfarth.com
    2029 Century Park East, Suite 3500
4   Los Angeles, California 90067-3021
    Telephone:   (310) 277-7200
5   Facsimile:    (310) 201-5219

6   Attorneys for Defendants
    THE AMERICAN BOTTLING COMPANY;
7   KEURIG DR PEPPER INC.; and TAYLOR
    MARCUS
8

9

10              UNITED STATES DISTRICT COURT

11             EASTERN DISTRICT OF CALIFORNIA

12

13  FRANCISCO BELLO, an individual and      Case No. _____
    on behalf of all others similarly situated,
14                                           **DEFENDANTS' NOTICE OF**
                    Plaintiff,               **REMOVAL OF CIVIL ACTION TO**
15                                           **THE UNITED STATES DISTRICT**
          v.                                 **COURT**
16
    THE AMERICAN BOTTLING            [San Joaquin County Superior Court
17  COMPANY, a Delaware corporation; Case No. STK-CV-UOE-2022-7696]
    KEURIG DR PEPPER INC., a Delaware
18  corporation; TAYLOR MARCUS, an   Complaint Filed:  August 31, 2022
    individual; and DOES 1 through 100,
19  inclusive                        Trial Date:  None Set

20                  Defendants.

21

22

23

24

25

26

27

28

93577036v.2

# TABLE OF CONTENTS

I.    BACKGROUND ...................................................................................1

II.   TIMELINESS OF REMOVAL ............................................................2

III.  INDIVIDUAL PAGA ACTIONS, LIKE THIS ONE, ARE SUBJECT TO REMOVAL BASED ON DIVERSITY OF CITIZENSHIP ..................................2

IV.   JURISDICTION BASED ON DIVERSITY OF CITIZENSHIP ............................4

      A.    Plaintiff Is A Citizen of California ..................................................4

      B.    Defendants ABC and KDP Are Not Citizens Of California ........................4

      C.    The Citizenship of "Sham" Defendant Taylor Marcus Must Be Disregarded. ..................................................6

      D.    Doe Defendants Have No Bearing on Diversity. ...................................8

V.    AMOUNT IN CONTROVERSY ...................................................................9

      A.    Plaintiff's Individual PAGA Claim ...................................................10

            1.    PAGA Period and Pay Periods ..............................................10

            2.    PAGA Penalties Under Labor Code Section 210 ...............................10

            3.    PAGA Penalties Under Labor Code Section 226.3 ...........................12

            4.    PAGA Penalties Under Labor Code Section 558 ..............................12

            5.    PAGA Penalties Under Labor Code Section 1197.1 .........................13

            6.    PAGA Penalties Under Labor Code Section 2699 ...........................13

            7.    Approximate Aggregate Amount In Controversy ............................15

      B.    Attorneys' Fees and Costs ...........................................................16

VI.   VENUE ...................................................................................17

VII.  NOTICE TO STATE COURT AND TO PLAINTIFF ...........................................17

VIII. PRAYER FOR REMOVAL ...................................................................18

NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT

93577036v.2

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Armstrong v. Church of Scientology Int'l,*
   243 F.3d 546 (9th Cir. 2000) ...................................................................................4

*Baumann v. Chase Inv. Svcs. Corp.,*
   747 F.3d 1117 (9th Cir. 2014) .................................................................................3

*Castanon v. Int'l Paper Co.,*
   2016 WL 589853 (C.D. Cal. February 11, 2016)....................................................5

*Conrad Assocs. v. Hartford Accident & Indem. Co.,*
   994 F. Supp. 1196 (N.D. Cal. 1998)........................................................................9

*Davenport v. Mut. Benefit Health & Accident Ass'n,*
   325 F.2d 785 (9th Cir. 1963) ...................................................................................9

*Davis v. HSBC Bank Nevada, N.A.,*
   557 F.3d 1026 (9th Cir. 2009) .................................................................................5

*Dodson v. Spillada Maritime Corp.,*
   951 F.2d 40 (5th Cir. 1992) .....................................................................................6

*Feao v. UFP Riverside, LLC,*
   2017 WL 2836207 (C.D. Cal. June 26, 2017)........................................................11

*Franke v. Anderson Merchandisers LLC,*
   2017 WL 3224656 (C.D. Cal. July 28, 2017).....................................................10, 11

*Fristoe v. Reynolds Metals Co.,*
   615 F.2d 1209 (9th Cir. 1980) .................................................................................8

*Galt G/S v. JSS Scandinavia,*
   142 F. 3d 1150 (9th Cir. 1998) ...........................................................................9, 16

*Gasnik v. State Farm Ins. Co.,*
   825 F. Supp. 245 (E.D. Cal. 1992) ..........................................................................7

*Gaus v. Miles, Inc.,*
   980 F.2d 564 (9th Cir. 1992) ...................................................................................9

ii

93577036v.2

*Hertz Corp. v. Friend*,
    559 U.S. 77 (2010) .................................................................................................. 5

*Jones v. Tween Brands, Inc.*,
    2014 WL 1607636 (C.D. Cal. Apr. 22, 2014) ......................................................... 11

*Kantor v. Wellesley Galleries, Inc.*,
    704 F.2d 1088 (9th Cir. 1983) ................................................................................. 4

*Lew v. Moss*,
    797 F.2d 747 (9th Cir. 1986) ................................................................................... 4

*Lewis v. Time, Inc.*,
    83 F.R.D. 455 (E.D. Cal. 1979) ............................................................................... 6

*McCabe v. General Foods Corp.*,
    811 F.2d 1336 (9th Cir. 1987) ................................................................................. 6

*Morris v. Princess Cruises, Inc.*,
    236 F.3d 1061 (9th Cir. 2001) ................................................................................. 6

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*,
    119 S. Ct. 1322 (1999) ............................................................................................. 2

*Ritchey v. Upjohn Drug Co.*,
    139 F.3d 1313 (9th Cir. 1998) ................................................................................. 6

*Ritenour v. Carrington Mortg. Servs. LLC*,
    228 F. Supp. 3d. 1025 (C.D. Cal. 2017) ................................................................. 11

*Sanchez v. Monumental Life Ins.*,
    103 F.3d 398 (9th Cir. 1996) ................................................................................... 9

*Soliman v. Philip Morris, Inc.*,
    311 F. 3d 966 (9th Cir. 2002) .................................................................................. 8

*State Farm Mut. Auto Ins. Co. v. Dyer*,
    19 F.3d 514 (10th Cir. 1994) ................................................................................... 4

*Torrez v. Freedom Mortg., Corp.*,
    2017 WL 2713400 (C.D. Cal. June 22, 2017) ......................................................... 11

*TPS Utilicom Serv., Inc. v. AT & T Corp.*,
    223 F. Supp. 2d 1089 (C.D. Cal. 2002) ................................................................... 6

*Urbino v. Orkin Svcs. of Calif., Inc.*,
   726 F.3d 1118 (9th Cir. 2013) ............................................................................. 2

*Valdez v. Allstate Ins., Co.*,
   372 F.3d 1115 (9th Cir. 2004) ............................................................................. 9

*Viking River Cruises, Inc .v. Moriana*,
   142 S. Ct. 1906 (2022) ......................................................................................... 3

*Yocupicio v. PAE Grp., LLC*,
   795 F.3d 1057 (9th Cir. 2015) ............................................................................. 3

*Zavala v. Deutsche Bank Trust Co. Americas*,
   2013 WL 3474760 (N.D. Cal. July 10, 2013) ..................................................... 4

**State Cases**

*Iskanian v. CLS Transportation Los Angeles LLC*,
   59 Cal. 4th 348 (2014) ......................................................................................... 3

*Martinez v. Combs*
   49 Cal App. 4th 35 (2010) ................................................................................... 7

**Federal Statutes**

28 U.S.C. 1332(c)(1) .................................................................................................. 5

28 U.S.C. § 84(a) ..................................................................................................... 17

28 U.S.C. § 1332 ................................................................................................... 1, 8

28 U.S.C. § 1332(a) ................................................................................................. 10

28 U.S.C. § 1332(a)(1) ......................................................................................... 4, 17

28 U.S.C. § 1332(c)(1) ........................................................................................... 5, 6

28 U.S.C. § 1391(a) ................................................................................................. 17

28 U.S.C. § 1441 ................................................................................................. 1, 17

28 U.S.C. § 1441(a) ..................................................................................... 3, 4, 8, 17

28 U.S.C. § 1446 ....................................................................................................... 1

28 U.S.C. § 1446 (b) ................................................................................................. 2

iv

28 U.S.C. § 1446(b)(2(B) ..................................................................... 2

28 U.S.C. § 1446(d) ............................................................................ 17

Class Action Fairness Act ............................................................... 2, 3

**State Statutes**

Code Civ. Proc., § 340 ...................................................................... 10

Lab. Code, § 2669.3, subd.(d) .......................................................... 10

Labor Code § 204 .................................................................. 10, 11, 12

Labor Code § 210 .............................................................................. 10

Labor Code § 226 .............................................................................. 12

Labor Code § 226.3 ........................................................................... 12

Labor Code § 246 *et seq.* ................................................................. 14

Labor Code § 510 .................................................................. 12, 13, 14

Labor Code § 558 .............................................................................. 12

Labor Code § 1197 ............................................................................ 13

Labor Code § 1197.1 ......................................................................... 13

Labor Code § 2699 ............................................................................ 13

Labor Code § 2699(f) ........................................................................ 13

Labor Code § 2802 ....................................................................... 14, 15

Labor Code § 6401 ............................................................................ 15

Labor Code § 6402 ............................................................................ 15

Labor Code § 6403 ............................................................................ 15

Private Attorney's General Act ................................................... *passim*

**Rules**

Federal Rules of Civil Procedure Rule 21 .......................................... 6

v

Federal Rules of Civil Procedure Rule 23 ........................................................................ 3

**Other Authorities**

*Garcia v. Tractor Supply Company*,
    2019 WL 11892104 (Riverside County Sup. Ct.) ....................................................... 16

*Lathan v. Tractor Supply Company*,
    2019 WL 8997946 (Riverside County Sup. Ct.) ......................................................... 16

*O' Shea v. SleepQuest Inc.*,
    2022 WL 3368294 (San Mateo County Sup. Ct.) ...................................................... 16

*Parm v. Think Together*,
    2021 WL 9637677 (San Bernardino County Sup. Ct.) ............................................... 16

*Soratorio v. Tesoro Ref.*
    2017 WL 1520416, at *3 (C.D. Cal. April 26, 2017) ................................................. 11

*Teeba et al v. Brill Inc.*,
    2022 WL 18213920 (San Bernardino County Sup. Ct.) ............................................ 16

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT

93577036v.2

**TO THE UNITED STATES DISTRICT COURT OF THE EASTERN DISTRICT OF CALIFORNIA AND TO FRANCISCO BELLO AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants THE AMERICAN BOTTLING COMPANY; KEURIG DR PEPPER INC.; and TAYLOR MARCUS hereby remove the above-referenced action from the Superior Court for the County of San Joaquin to the United States District Court for the Eastern District of California pursuant to 28 U.S.C. sections 1441 and 1446, based on diversity of citizenship jurisdiction (28 U.S.C. section 1332). The removal is proper for the following reasons:

## I.    BACKGROUND

1.    On August 31, 2022, Plaintiff Francisco Bello ("Plaintiff") filed the instant Private Attorney's General Act ("PAGA") Complaint in the Superior Court of California for the County of San Joaquin, entitled *Francisco Bello v. The American Bottling Company; Keurig Dr Pepper Inc.; Taylor Marcus; and DOES 1 through 100, inclusive*, Case No. STK-CV-UOE-2022-7696 ("PAGA Complaint"). Prior to filing this case, on June 23, 2022, Plaintiff filed a separate class action complaint in the Superior Court of California for the County of San Joaquin, entitled *Francisco Bello v. The American Bottling Company; Keurig Dr Pepper Inc.; Taylor Marcus; and DOES 1 through 100, inclusive*, Case No. STK-CV-UOE-2022-5279 ("Class Action Complaint"). The Class Action Complaint was removed to the United States District Court, Eastern District of California on July 27, 2022 and assigned case no. 2:22-cv-01333-KJM-KJN. [Dkt. 1].

2.    The PAGA Complaint asserts a single cause of action against Defendants for violation of PAGA penalties, based on alleged violation of California Labor Code sections "96, 98.6, 200, 201, 203, 204, 210 , 226, 226.3, 226.7, 227.3, 232, 232.5, 246, et. seq., 432, 510, 512, 558, 1102.5, 1174, 1174.5, 1194, 1197, 1197.1, 1197.5, 1198.5, 2699, 2802, 2810.5, 6401 et. seq., 6409.1, and 6432, among others." (Ex. A, Complaint ¶ 6.)

3.      Plaintiff brings this PAGA Complaint on behalf of himself individually, and on behalf of all other aggrieved employees. (Ex. A, Complaint p.1; ¶¶ 4-7.)

4.      On March 8, 2023 counsel for Defendants signed a Notice and Acknowledgement of Receipt of the Summons and Complaint. A true and correct copy of the complaint packet received by Defendants, including the Complaint, is attached as **Exhibit A** to the Declaration of Laura Heyne ("Heyne Decl"). The Notice and Acknowledgement of Receipt of the Summons and Complaint is attached as **Exhibit B** to the Heyne Decl**.**

5.      On April 6, 2023, Defendants timely filed their Answer to Plaintiff's PAGA Complaint. A true and correct copy of the Answer is attached to the Heyne Decl. as **Exhibit C**.

6.      As discussed in greater detail below, Defendants are citizens of Delaware, Massachusetts, and Texas, and Plaintiff is a citizen of California.

7.      All Defendants consent to this removal.

## II.    TIMELINESS OF REMOVAL

8.      This Notice of removal is timely as it is filed within thirty (30) days of service of the Summons and Complaint on Defendants on March 8, 2023. 28 U.S.C. § 1446 (b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 119 S. Ct. 1322 (1999) (thirty-day deadline to remove commences upon service of the summons and complaint).

9.      A defendant has 30 days after service to file a Notice of Removal. 28 U.S.C. § 1446(b)(2(B).

## III.   INDIVIDUAL PAGA ACTIONS, LIKE THIS ONE, ARE SUBJECT TO REMOVAL BASED ON DIVERSITY OF CITIZENSHIP

10.     A *representative* PAGA action cannot be removed under the Class Action Fairness Act ("CAFA") because a PAGA claim is not a "class- action" claim, and the aggregate value of the civil penalties sought by all "aggrieved employees" in a PAGA action cannot be aggregated for purposes of removal to federal court under either ordinary diversity jurisdiction or CAFA. *See Urbino v. Orkin Svcs. of Calif., Inc.,* 726

2

93577036v.2

F.3d 1118, 1121-23 (9th Cir. 2013) [holding that the claims of all "aggrieved employees" cannot be aggregated to establish the $75,000 threshold for diversity jurisdiction because aggrieved employees do not have a "common and undivided interest" in those penalties]; *Baumann v. Chase Inv. Svcs. Corp.,* 747 F.3d 1117, 1124 (9th Cir. 2014) [holding that "PAGA is not sufficiently similar to Rule 23 to establish the original jurisdiction of a federal court under CAFA"]; *Yocupicio v. PAE Grp., LLC*, 795 F.3d 1057, 1062 (9th Cir. 2015)[holding that the amounts sought in plaintiff's non-class PAGA claim could not be added to the amounts sought in plaintiff's class claims in order to meet the $5 million threshold for CAFA jurisdiction].

11.     Until recently, California law has held that a representative PAGA action cannot be divided into individual PAGA claims and representative PAGA claims. *Iskanian v. CLS Transportation Los Angeles LLC*, 59 Cal. 4th 348 (2014) However, on June 15, 2022, the United States Supreme Court in *Viking River Cruises, Inc. v. Moriana* held that claims brought under the California Private Attorneys General Act (PAGA) can be split into individual PAGA claims, and non-individual PAGA claims brought on behalf of other individuals. *Viking River Cruises, Inc .v. Moriana,* 142 S. Ct. 1906 (2022).

12.     Here, Plaintiff brings this action as a PAGA action individually, and on behalf of other aggrieved employees. (Ex. A, Complaint p.1; ¶¶ 4-7.) Because *Viking River Cruises* permits Plaintiff's PAGA action to be split to separate his **individual** PAGA claims, removal is proper under 28 U.S.C. section 1441(a) (non-CAFA removal). Accordingly, and as discussed in detail below, pursuant to 28 U.S.C. section 1441(a), Plaintiff's singular PAGA claim is subject to removal because the **individual** component of Plaintiff's PAGA claim satisfies the diversity requirements: (1) there is diversity of citizenship between Plaintiff and Defendants; and (2) the $75,000 jurisdictional minimum is met.

NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT
93577036v.2

## IV.    JURISDICTION BASED ON DIVERSITY OF CITIZENSHIP

13.    The Court has original jurisdiction of this action under 28 U.S.C. section 1332(a)(1). As set forth below, this action is removable pursuant to the provisions of 28 U.S.C. section 1441(a) as the action is between citizens of different states, and the amount in controversy is in excess of $75,000.

### A.    Plaintiff Is A Citizen of California

14.    For purposes of determining diversity, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Inc.*, 704 F.2d 1088, 1090 (9th Cir. 1983) ("To show state citizenship for diversity purposes under federal common law a party must … be domiciled in the state"). Residence is *prima facie* evidence of domicile. *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) ("the place of residence is prima facie the domicile"); *see also Zavala v. Deutsche Bank Trust Co. Americas*, 2013 WL 3474760, at *3 (N.D. Cal. July 10, 2013) (where a plaintiff's complaint alleges he resides in California, "in the absence of evidence to the contrary, [plaintiff] is a California citizen for diversity purposes"). Citizenship is determined by the individual's domicile at the time that the lawsuit is filed. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) ("For purposes of diversity jurisdiction, an individual is a citizen of his or her state of domicile, which is determined at the time the lawsuit is filed") (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)).

15.    Plaintiff alleges that he resides in the State of California. (Ex. A, Complaint, ¶ 29) ("Plaintiff Francisco Bello is a resident of the State of California.") In his employment files, Plaintiff listed his home address as being in Turlock, California. (Tynan Decl., ¶ 5.) Plaintiff's intent to remain domiciled in California is further evident from the fact that he brought his lawsuit against Defendants in San Joaquin County Superior Court. Accordingly, Plaintiff is a citizen of California.

### B.    Defendants ABC and KDP Are Not Citizens Of California

16.    Defendants ABC and KDP are not now, nor were at the time this action commenced, citizens of the State of California. Rather, they are and were citizens of

4

Delaware, Massachusetts, and Texas. For diversity purposes, a "corporation is a citizen of (1) the state under whose laws it is organized or incorporated; and (2) the state of its 'principal place of business.'" *Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026, 1028 (9th Cir. 2009) (citing 28 U.S.C. 1332(c)(1)); *Castanon v. Int'l Paper Co.*, 2016 WL 589853, at \*2 (C.D. Cal. February 11, 2016). Under the "nerve center" test, the principal place of business is the state where the "officers direct, control, and coordinate" the corporation's activities and where the corporation maintains its headquarters:

> We conclude that 'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's 'nerve center.' **And in practice it should normally be the place where the corporation maintains its headquarters — provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center.'**

*Hertz Corp. v. Friend,* 559 U.S. 77, 92-93 (2010).

17. Defendants are incorporated under the laws of the State of Delaware. (Tynan Decl., ¶ 7.)

18. KDP's principal place of business and headquarters are in both Burlington, Massachusetts and Frisco, Texas. (Tynan Decl., ¶ 8.) KDP's high-level officers direct, control, and coordinate corporate activities from these dual headquarters. (*Id.*) Additionally, the majority of KDP's executive and administrative functions are directed from Massachusetts and Texas, including corporate finance, accounting, purchasing, marketing, and information systems. (*Id.*) Accordingly, KDP was at the time this action was commenced, and remains today, a citizen of the States of Delaware, Texas, and Massachusetts within the meaning of 28 U.S.C. section 1332(c)(1), and not a citizen of the State of California.

19. ABC's principal place of business and headquarters is in Frisco, Texas. (Tynan Decl., ¶ 9.) ABC's high-level officers direct, control, and coordinate corporate

NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

activities from Frisco, Texas. (*Id.*) Additionally, the majority of ABC's executive and administrative functions are directed from Texas, including corporate finance, accounting, purchasing, marketing, and information systems. (*Id.*) Accordingly, ABC was at the time this action was commenced, and remains today, citizens of the States of Delaware and Texas within the meaning of 28 U.S.C. section 1332(c)(1), and not citizens of the State of California.

### C. The Citizenship of "Sham" Defendant Taylor Marcus Must Be Disregarded.

20.    Defendant Marcus must be disregarded for purposes of diversity because he is a "sham" defendant, i.e., he cannot be found liable as a matter of law. *See, e.g., Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

21.    It is well-settled that a party cannot attempt to defeat diversity of citizenship jurisdiction by adding "sham" defendants. *See, e.g., Morris*, 236 F.3d at 1067; *Dodson v. Spillada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992); *TPS Utilicom Serv., Inc. v. AT & T Corp.*, 223 F. Supp. 2d 1089, 1100-1101 (C.D. Cal. 2002) (same).

22.    Joinder of a defendant is a "sham" and is fraudulent if the defendant cannot be liable to the plaintiff on any theory alleged in the complaint. *See, e.g., Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998); *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

23.    When determining whether a defendant is fraudulently joined, "[t]he court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." *Lewis v. Time, Inc.*, 83 F.R.D. at 455 ("[I]t is well settled that upon allegations of fraudulent joinder . . . federal courts may look beyond the pleadings to determine if the joinder . . . is a sham or fraudulent device to prevent removal."); *McCabe*, 811 F.2d at 1339 (a defendant "is entitled to present the facts showing the joinder to be fraudulent").

24.    If the facts reveal that joinder is fraudulent, the defendant may be dismissed from the action pursuant to Rule 21 of the Federal Rules of Civil Procedure, which

6

93577036v.2

provides that "[p]arties may be dropped or added by order of the court on motion of any party ... at any stage of the action and on such terms as are just." *Gasnik v. State Farm Ins. Co.*, 825 F. Supp. 245, 248-249 (E.D. Cal. 1992).

25.    As noted above, Plaintiff's PAGA Complaint arises from a single cause of action for PAGA penalties. Plaintiff's PAGA Complaint contains no individualized factual allegations against individual defendant Marcus, other that to allege that he was a "joint employer" with the other corporate defendants. (Ex. A, Complaint ¶ 36.)

26.    Marcus was never a "joint employer" of Plaintiff. Whether or not a business or a person is a joint employer will depend upon a factually-specific inquiry regarding their involvement with the workers. In *Martinez v. Combs*, the California Supreme Court held that in order to establish an individual or entity is a joint employer, a plaintiff must establish that the alleged joint employer suffered or permitted a plaintiff to work or exercised control over his wages, hours or working conditions. *Martinez v. Combs* (2010) 49 Cal App. 4th 35, 59-60. The California Supreme Court in *Martinez* also identified a number of factors that could support a finding of joint employer liability:

►Who controlled the wages, hours, and working conditions?

►Who offered employment to the workers?

►Whom did the workers view as supervisors?

►Who had the power to direct the work of the pickers?

►Who had the power to prevent the actual employer from paying inadequate wages?

*Id.*

27.    Here, Plaintiff's PAGA Complaint does not include a single allegation that would establish Marcus as a joint employer, other than the conclusory allegation that "Plaintiff is informed and believes, and based thereon alleges that Defendants, and each of them, are joint employers." (Ex. A, Complaint ¶ 36). This failure alone is enough to establish Marcus is included only as a sham defendant, and must be disregarded for diversity purposes.

NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

28.     Additionally, as set forth in the Marcus Declaration, Marcus did not "suffer or permit" Plaintiff to work. Marcus was not Plaintiff's direct manager or supervisor. (Declaration of Taylor Marcus "Marcus Decl.", ¶¶ 2-5.) During Plaintiff's three month employment with Defendant ABC in 2021, Marcus was based out of Los Angeles, California—he was not based out of the Stockton, California site that Plaintiff worked at. (*Id.*). Accordingly, Marcus did not have any direct insight or control over Plaintiff's working conditions, the hours Plaintiff worked, or the circumstances surrounding Plaintiff taking his meal and rest breaks. (*Id.*). Marcus did not set Plaintiff's wages, and did not have control over how Plaintiff was paid. (*Id.*).

29.     As such, there is no factual basis to support a PAGA claim for penalties against Defendant Marcus as a "joint employer," and he must be disregarded as a sham defendant.

**D.     Doe Defendants Have No Bearing on Diversity.**

30.     Pursuant to 28 U.S.C. § 1441(a), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. § 1332. *Fristoe v. Reynolds Metals Co.,* 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition); *see also Soliman v. Philip Morris, Inc.*, 311 F. 3d 966, 971 (9th Cir. 2002) ("citizenship of fictitious defendants is disregarded for removal purposes and becomes relevant only if and when the plaintiff seeks leave to substitute a named defendant"). Indeed, the presence of "DOE" defendants in this case has no bearing on diversity of citizenship for removal. Thus, the existence of "DOES 1-100" in the PAGA Complaint does not deprive this Court of jurisdiction.

NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

93577036v.2

## V.    AMOUNT IN CONTROVERSY[1]

31.    While Defendants deny any liability as to Plaintiff's claims, the amount in controversy requirement is satisfied because "it is more likely than not" that the amount exceeds the jurisdictional minimum of $75,000. *See Sanchez v. Monumental Life Ins.*, 103 F.3d 398, 403-04 (9th Cir. 1996) ("[T]he defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [the threshold] amount.") (internal quotations and citations omitted).

32.    As explained by the Ninth Circuit, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez v. Allstate Ins., Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (finding that the Court my consider facts presented in the removal petition). When the amount in controversy is not apparent from the face of the complaint, a defendant may state underlying facts supporting its assertion that the amount in controversy exceeds the jurisdictional threshold. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992).

33.    In determining the amount in controversy, the Court must consider the aggregate of general damages, special damages, punitive damages, and attorneys' fees. *Galt G/S v. JSS Scandinavia*, 142 F. 3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory); *Davenport v. Mut. Benefit Health & Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into account where recoverable under state law); *Conrad Assocs. v. Hartford Accident & Indem. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998) ("amount in controversy" includes claims for general and special damages, including attorneys' fees and punitive damages).

34.    Here, Plaintiff's only cause of action is for PAGA penalties based on numerous underlying Labor Code violations. However, the amount of recovery Plaintiff

---

[1] Defendants' assertion that the amount in controversy exceeds $75,000 is not an admission that Plaintiff is entitled to any recovery. Defendants deny that Plaintiff is entitled to, or will recover, any penalties in this matter.

NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

93577036v.2

would obtain if successful on his PAGA claims, in combination with the attorneys' fees that might be awarded if Plaintiff prevails, establish by a preponderance of the evidence that the amount in controversy exceeds $75,000 as required by 28 U.S.C. § 1332(a).

### A. Plaintiff's Individual PAGA Claim

#### 1. PAGA Period and Pay Periods

35. Plaintiff was employed with Defendant ABC from September 13, 2021 – December 15, 2021, and worked a total of 14 pay periods. (Tynan Decl., ¶¶ 4-6.) Plaintiff was paid $21.25 per hour, and received weekly pay checks. In *general*, a PAGA period is calculated as one year prior to the date of filing the complaint, plus 65 days for the PAGA notice period. (Code Civ. Proc., § 340; Lab. Code, § 2669.3, subd. (d).)

36. Here, Plaintiff filed his LWDA letter on June 20, 2022, and subsequently filed his PAGA Complaint on August 31, 2022. (See, Complaint, *generally*.) The entirety of Plaintiff's employment, therefore, falls within the one-year statute of limitations period.

#### 2. PAGA Penalties Under Labor Code Section 210
#### Untimely Payment of Wages During Employment

37. Plaintiff seeks civil penalties under Labor Code Section 210 for the alleged failure to timely pay wages during employment in violation of Labor Code Section 204. (Ex. A, Complaint ¶¶ 38-40.)

38. Section 210 provides for a civil penalty of $100 for any initial violation and $200 for subsequent violation plus 25 percent of any amount unlawfully withheld.

39. Plaintiff alleges that Defendants had a "policy or practice" of failing to pay wages to employees. (Ex. A, Complaint ¶¶ 10-11.) District Courts have concluded that alleging a policy of noncompliance in a complaint justifies the assumption of a 100 percent violation rate. *See Franke v. Anderson Merchandisers LLC*, 2017 WL 3224656, at *2 (C.D. Cal. July 28, 2017) ("Courts in this Circuit have generally found the amount in controversy satisfied where a defendant assumes a 100% violation rate based on allegations of a 'uniform' illegal practice—or other similar language—and where the

10

93577036v.2

plaintiff offers no evidence rebutting this violation rate"); *Torrez v. Freedom Mortg., Corp.*, 2017 WL 2713400, at *3-5 (C.D. Cal. June 22, 2017) (where complaint alleged "FMC engaged in a pattern and practice of wage abuse against its hourly-paid or non-exempt employees within the state of California," the complaint "can reasonably be interpreted to imply nearly 100% violation rates"); *Franke v. Anderson Merchandisers LLC*, 2017 WL 3224656, at *2 (C.D. Cal. July 28, 2017) ("Courts in this Circuit have generally found the amount in controversy satisfied where a defendant assumes a 100% violation rate based on allegations of a 'uniform' illegal practice – or other similar language – and where the plaintiff offers no evidence rebutting this violation rate"); *Feao v. UFP Riverside, LLC*, 2017 WL 2836207, at *5 (C.D. Cal. June 26, 2017) ("Plaintiff's allegations contain no qualifying words such as 'often' or 'sometimes' to suggest less than uniform violation that would preclude a 100 percent violation rate."); *Soratorio v. Tesoro Ref.* 2017 WL 1520416, at *3 (C.D. Cal. April 26, 2017) ("Plaintiff's Complaint could be reasonably read to allege a 100% violation rate. The Complaint notes that Defendants 'did not provide' Plaintiff and the other class members 'a thirty minute meal period for every five hours worked,' and that this was Defendants' 'common practice.' It also alleges that Defendants had a practice of 'requiring employees to work for four hours and more without a rest period' and that Defendants had a 'common practice' of failing to provide required breaks."); *Ritenour v. Carrington Mortg. Servs. LLC*, 228 F. Supp. 3d 1025, 1030 (C.D. Cal. 2017) ("Given the vague language of the Complaint and the broad definition of the class, it is reasonable for Defendants to assume a 100% violation rate – especially since Plaintiffs offer no alternative rate to challenge Defendant's calculations."); *Jones v. Tween Brands, Inc.*, 2014 WL 1607636, at *3 (C.D. Cal. Apr. 22, 2014) (using 100 percent violation rate for waiting-time penalties since the complaint did not limit the number or frequency of violations).

40.     As stated above, Plaintiff worked approximately 14 pay periods during the relevant time period. Accordingly, the amount in controversy for Plaintiff's individual PAGA claim for the alleged violation of Labor Code Section 204 would be

NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

93577036v.2

approximately $1,400 ($100 × 14 pay periods) for Plaintiff's Labor Code Section 204 claim.[2]

### 3.    PAGA Penalties Under Labor Code Section 226.3
#### Inaccurate Wage Statements

41.    Plaintiff claims that he is entitled to civil penalties under Labor Code Section 226.3 for the alleged failure to provide accurate wage statements in violation of Labor Code Section 226. (Ex. A, Complaint, ¶¶ 41-45.)

42.    Labor Code Section 226.3 provides for a civil penalty of $250 per employee per violation in an initial citation and $1,000 per employee for each violation in a subsequent citation.

43.    Plaintiff alleges that Defendants had a "policy or practice" of failing to pay wages to employees. (Ex. A, Complaint, ¶¶ 10-11.) Defendants are entitled to assume a 100 percent violation rate for the reasons enumerated above.

44.    As stated above, Plaintiff worked approximately 14 pay periods during the relevant time period. Accordingly, the amount in controversy for Plaintiff's individual PAGA claim for the alleged violation of Labor Code Section 226 would be approximately $3,500 ($250 × 14 pay periods).

### 4.    PAGA Penalties Under Labor Code Section 558
#### Failure to Pay Overtime

45.    Plaintiff claims that he is entitled to civil penalties under Labor Code Section 558 for the alleged failure to pay overtime in violation of Labor Code Section 510 (Ex. A, Complaint, ¶¶ 46-48.)

46.    Labor Code Section 558 provides for a civil penalty of $50 per employee per pay period for an initial violation and $100 per employee per pay period for each subsequent violation.

---

[2] Defendant disputes that PAGA permits stacking of penalties (i.e., more than one civil penalty in any given pay period). Nevertheless, as Plaintiff is alleging multiple civil penalties, Defendant is entitled to assume stacking of PAGA penalties in calculating the amount in controversy for purposes of this Notice of Removal.

12

47.    Plaintiff alleges that Defendants had a "policy or practice" of failing to pay wages to employees. (Ex. A, Complaint, ¶¶ 10-11.) Defendants are entitled to assume a 100 percent violation rate for the reasons enumerated above.

48.    As stated above, Plaintiff worked approximately 14 pay periods during the relevant time period. Accordingly, the amount in controversy for Plaintiff's individual PAGA claim for the alleged violation of Labor Code Section 510 would be approximately $700 ($50 × 14 pay periods)

### 5.    PAGA Penalties Under Labor Code Section 1197.1
<u>Failure to Pay Minimum Wage</u>

49.    Plaintiff seeks civil penalties under Labor Code Section 1197.1 for the alleged failure to pay minimum wage in violation of Labor Code Section 1197. (Ex. A, Complaint, ¶¶ 55-57.)

50.    Labor Code Section 1197.1 provides for a civil penalty of $100 per employee per pay period for an initial violation that is intentionally committed and $250 per employee per pay period for each subsequent violation for the same specific offense.

51.    Plaintiff alleges that Defendants had a "policy or practice" of failing to pay wages to employees. (Ex. A, Complaint, ¶¶ 10-11.) Defendants are entitled to assume a 100 percent violation rate for the reasons enumerated above.

52.    As stated above, Plaintiff worked approximately 14 pay periods during the relevant time period. Accordingly, the amount in controversy for Plaintiff's individual PAGA claim for the alleged violation of Labor Code Section 1197 would be approximately $1,400 ($100 × 14 pay periods).

### 6.    PAGA Penalties Under Labor Code Section 2699

53.    Plaintiff seeks civil penalties under Labor Code Section 2699(f) for violations of any Labor Code provisions for which there is no civil penalty specifically provided (Ex. A, Complaint, ¶¶ 58-61.)

54.    Labor Code Section 2699(f) provides that for provisions of the Labor Code for which a civil penalty is not specifically provided, the civil penalty is $100 for each

13

aggrieved employee per pay period for the initial violation and $200 for each aggrieved employee per pay period for each subsequent violation.

## Failure to Provide Meal Periods

55.     Plaintiff alleges that "Defendants had and have a policy or practice of failing to provide Plaintiff and other Aggrieved Employees a thirty (30) minute uninterrupted, timely, and complete meal period" in violation of Labor Code Section 510 (Ex. A, Complaint ¶ 12.) Defendants are entitled to assume a 100 percent violation rate for the reasons enumerated above.

56.     As stated above, Plaintiff worked approximately 14 pay periods during the relevant time period. Accordingly, the amount in controversy for Plaintiff's individual PAGA claim for the alleged violation of Labor Code Section 510 would be approximately $1,400 ($100 × 14 pay periods).

## Failure to Provide Sick Leave

57.     Plaintiff alleges that "Defendants failed to provide Plaintiff and other Aggrieved Employees with the amount of paid sick leave required to be provided pursuant to California law" in violation of Labor Code Section 246 *et seq.* (Ex. A, Complaint ¶ 20.) Defendants are entitled to assume a 100 percent violation rate for the reasons enumerated above.

58.     As stated above, Plaintiff worked approximately 14 pay periods during the relevant time period. Accordingly, the amount in controversy for Plaintiff's individual PAGA claim for the alleged violation of Labor Code Section 246 *et seq.* would be approximately $1,400 ($100 × 14 pay periods).

## Failure to Reimburse Business Expenses

59.     Plaintiff alleges that "Defendants have had a policy or practice of failing and refusing, and continue to fail and refuse, to reimburse employees" in violation of Labor Code Section 2802. (Ex. A, Complaint ¶ 18.)

60.     As stated above, Plaintiff worked approximately 14 pay periods during the relevant time period. Accordingly, the amount in controversy for Plaintiff's individual

14

PAGA claim for the alleged violation of Labor Code Section 2802 would be approximately $1,400 ($100 × 14 pay periods).

<u>Unsafe Working Conditions</u>

61.    Plaintiff alleges that "Defendants have had a policy or practice of failing to furnish and use safety devices and safeguards, and adopt and use practices, means, methods, operations and processes which are reasonably adequate to render such employment and place of employment safe and healthful, in violation of Labor Code section 6401." (Ex. A, Complaint ¶ 25.)

62.    Plaintiff further alleges that "Defendants have had a policy or practice of requiring or permitting employees to go or be in any employment or place of employment which is not safe and healthful in violation of Labor Code section 6402." (Ex. A, Complaint ¶ 25.)

63.    Plaintiff also alleges that "Defendants have had a policy or practice of failing or neglecting to … adopt and use methods and processes reasonably adequate to render the employment and place of employment safe and do every other thing reasonably necessary to protect the life, safety, and health of employees in violation of Labor Code section 6403." (Ex. A, Complaint ¶ 25.)

64.    Defendants are entitled to assume a 100 percent violation rate for the reasons enumerated above.

65.    As stated above, Plaintiff worked approximately 14 pay periods during the relevant time period. Accordingly, the amount in controversy for Plaintiff's individual PAGA claim for violating Labor Code Sections 6401, 6402, and 6403 would be approximately $4,200 ($100 × 3 Labor Code sections × 14 pay periods).

**7.    Approximate Aggregate Amount In Controversy**

66.    Although Defendants deny Plaintiff's allegations that he is entitled to any relief for the above-mentioned claims, based on the forgoing calculations, the aggregate amount in controversy for Plaintiff's individual PAGA claims, exclusive of attorneys' fees, is approximately **$15,400**, calculated as follows:

15

| | |
|---|---|
| **$1,400** | Failure to Timely Pay Wages During Employment |
| **$3,500** | Inaccurate Wage Statements |
| **$700** | Failure to Pay Overtime |
| **$1,400** | Failure to Pay Minimum Wage |
| **$1,400** | Failure to Provide Meal Periods |
| **$1,400** | Failure to Provide Sick Leave |
| **$1,400** | Failure to Reimburse Business Expenses |
| **$4,200** | Failure to Provide Safe Working Conditions |

**B.    Attorneys' Fees and Costs**

67.    Plaintiff also claims that he is entitled to attorneys' fees and costs. (Ex. A, Complaint at Prayer(B)). Attorneys' fees are properly considered in calculating the amount-in-controversy for purposes of removal on grounds of diversity jurisdiction. *Galt*, 142 F.3d at 1156 (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory).

68.    Courts have also awarded far in excess of $75,000 in attorneys' fees in cases involving claims similar to Plaintiff's PAGA claims. *See, e.g.*, *Lathan v. Tractor Supply Company*, 2019 WL 8997946 (Riverside County Sup. Ct.) (approving attorneys' fee award of $250,000 in PAGA action); *Parm v. Think Together*, 2021 WL 9637677 (San Bernardino County Sup. Ct.) (approving attorneys' fee award of $245,000 in PAGA action); *Garcia v. Tractor Supply Company*, 2019 WL 11892104 (Riverside County Sup. Ct.) (approving attorneys' fee award of $227,000 in PAGA action); *Teeba et al v. Brill Inc.*, 2022 WL 18213920 (San Bernardino County Sup. Ct.) (approving attorneys' fee award of $205,000 in PAGA action); *O' Shea v. SleepQuest Inc.*, 2022 WL 3368294 (San Mateo County Sup. Ct.) (approving attorneys' fee award of $100,000 in PAGA action). Defendants have attached these verdicts as **Exhibit D** to the Heyne Decl.

69.    Defendants anticipate depositions being taken in this case, and that ultimately, Defendants will file a Motion for Summary Judgment. Based on defense counsel's experience, attorneys' fees in PAGA cases often exceed $75,000. In this regard,

16

93577036v.2

1    it is more likely than not that the fees will exceed $75,000 through discovery and a

2    summary judgment hearing, and the fees would certainly exceed $75,000 if the case

3    proceeds to trial. (Heyne Decl., ¶ 6.)

4        70.    Because diversity of citizenship exists between the Plaintiff and Defendants

5    and the matter in controversy between the parties is in excess of $75,000, this Court has

6    original jurisdiction of the action pursuant to 28 U.S.C. § 1332(a)(1). This action is

7    therefore proper for removal to this Court.

8    **VI.    VENUE**

9        71.    Venue lies in the United States District Court for the Eastern District of

10   California, pursuant to 28 U.S.C. §§ 1391(a), 1441, and 84(a). This action originally was

11   brought in San Joaquin County Superior Court of the State of California, which is located

12   within the Eastern District of California. 28 U.S.C. § 84(a). Therefore, venue is proper

13   because it is the "district and division embracing the place where such action is pending."

14   28 U.S.C. § 1441(a).

15       72.    A true and correct copy of this Notice of Removal will be promptly served

16   on Plaintiff and filed with the Clerk of the San Joaquin County Superior Court of the

17   State of California as required under 28 U.S.C. § 1446(d).

18   **VII.    NOTICE TO STATE COURT AND TO PLAINTIFF**

19       73.    Defendants will give prompt notice of the filing of this Notice of Removal to

20   Plaintiff and to the Clerk of the Superior Court of the State of California in the County of

21   San Joaquin. The Notice of Removal is concurrently being served on all parties.

22   ///

23   ///

24   ///

25   ///

26

27

28

NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

## VIII. PRAYER FOR REMOVAL

74.     WHEREFORE, Defendants pray that this civil action be removed from Superior Court of the State of California for the County of San Joaquin to the United States District Court for the Eastern District of California.

DATED: April 7, 2023                           Respectfully submitted,

                                               SEYFARTH SHAW LLP


By: _____
                                               Daniel C. Whang
                                               Laura E. Heyne
                                               Attorneys for Defendant
                                               BLUE CHIP COMMERCIAL
                                               CLEANING, INC.

18